UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LON R. SWEENEY, | ) | Case No.: 1:10 CV 1038 |
| Plaintiff, | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | )<br>) | |
| Defendant | ) | ORDER |

On May 10, 2010, Plaintiff filed a complaint in this court seeking judicial review of the final decision of the Social Security Administration ("SSA") that affirmed a September 11, 2009 determination, that he was not under a disability, and therefore was not entitled to disability insurance benefits. (ECF No. 1.) Plaintiff included with his complaint, letters he had sent to the SSA, indicating that some of the records they had relied on in making their determination were not his records. (ECF No. 1-1.) Currently pending before the court is a Motion for Entry of Judgment With Remand Under Sentence Four, 42 U.S.C. § 405(g), filed by Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant"). (ECF Nos. 15, 18.)[1] Plaintiff Lon R. Sweeney ("Plaintiff") has filed an opposition to this Motion, seeking to keep the case in this court. (Motion: Custody of case to Remane[sic] in U.S. District Court for Decesion[sic] with Cause, ECF No. 16.) Plaintiff has also filed a Motion: Submit Evidence Orthapedice[sic] Records Evalution[sic] Total and Premenant[sic] Disable[sic] with Cause. (ECF No. 17.)

---

[1] Defendant's filing on November 17, 2010, ECF No. 15 contained two blank pages. His filing on December 1, 2010, ECF No. 18, was the same filing, but did not contain two blank pages, to demonstrate the blank pages did not contain any missing content.

On December 8, 2010, Magistrate Judge Limbert submitted his Report and Recommendation (ECF No. 19), recommending that the court grant Defendant's Motion and deny Plaintiff's Motions. Defendant asserts that the court should remand this case because the ALJ needs to make additional fact-finding by calling a vocational expert ("VE") to testify, in order to discuss the impact that Plaintiff's nonexertional mental limitations have on his job base. (R and R at 2.) Defendant contends that the ALJ misapplied the regulations by failing to consult a VE before making a step five determination finding that Plaintiff could perform a number of jobs existing in significant numbers in the economy, even though he had nonexertional mental limitations. (*Id.*) Magistrate Judge Limbert found that the ALJ's deliberation of Plaintiff's nonexertional mental impairments is inconsistent and unsupported, which can appropriately be remedied through remand of the case for further consideration. *See Faucher v. Sec'y of Health and Human Services*, 17 F.3d 171, 1756-76 (6th Cir.). The ALJ failed to provide reliable evidence for his conclusion that Plaintiff's nonexertional limitations do not significantly limit the range of work permitted by his exertional limitations. Additionally, the ALJ is prohibited from relying on the Medical-Vocational Guidelines to determine if a person with nonexertional limitations, such as in the instant case, is disabled. The ALJ can only use the guidelines as a framework. Magistrate Judge Limbert found that the ALJ appeared to have actually erroneously applied the Guidelines to Plaintiff's case to determine whether his nonexertional limitations impacted the occupational base.

Plaintiff has stated in his Opposition that he has no mental conditions. However, Magistrate Judge Limbert includes testimony from the hearing in his Report that strongly calls this assessment into doubt. Plaintiff's former counsel even wrote a letter to the SSA stating that unresolved issues remain regarding Plaintiffs mental conditions. Magistrate Judge Limbert recommends on this basis also, that the case be remanded for additional fact-finding, along with a possible consultative examination of Plaintiff relating to Plaintiff's mental impairments.

Plaintiff has submitted objections to the Report and Recommendation. (ECF No. 20.) He states that there are questions and decisions that only a district court can decide, and objects to numerous facts used by the Magistrate Judge from the administrative hearing transcript. Plaintiff fails to state though, what questions or decisions can only be decided by a district court. Plaintiff states that he requires a hearing in this court to dispute the defendant's facts and the Report and Recommendation. However, his objections to the factual record support the Magistrate Judge's finding that additional fact-finding is necessary. A remanding of this case will allow additional fact finding by the ALJ.

The court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 19.) Defendant's Motion to Remand is hereby granted under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which states, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." On remand, the ALJ shall make additional fact-finding by calling a VE to testify regarding the impact Plaintiff's nonexertional limitations have on the job base; shall rely on the Medical-Vocational Guidelines only as a framework, rather than apply them in order to determine whether Plaintiff's nonexertional limitations impacted the occupational base; and shall make additional fact-finding, which may include a consultative examination of Plaintiff, relating to Plaintiff's mental impairments, beyond the impairments of substance abuse and personality disorder.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 29, 2010